## COURT OF APPEALS.

ANDREW THOMPSON, Administrator of, &c., CHARLES L. WHITE, deceased agt. ANN BULLOCK and THOMAS RAE, Administratrix and Administrator of ROBERT BULLOCK, deceased.

An *order* of the supreme court, at general term, striking out of a judgment the *costs* therein, is not an appealable order to this court.

It is not an order in a proceeding after judgment, affirming the judgment, and based upon and assuming its validity.

*June Term*, 1858.

THIS action was tried on the 24th day of June, 1854, in

the supreme court, first district, before Judge MITCHELL, (Charles L. White being plaintiff, and Robert Bullock defendant,) and a verdict obtained by White of $3.03. Judgment was entered thereon, and affirmed on appeal to the general term of said court, from which an appeal was taken to this court, and the appeal argued on the 1st day of April, 1857, and in the following June term of this court, the judgment of the supreme court was reversed, and a new trial ordered, with costs to abide the event. (*Reported* 15 *How.* 102.) Charles L. White died March 26th, 1857; Robert Bullock died April 28th, 1857.

On the 29th of September, 1857, this court ordered the remittitur to bear date and be entered as of the first day of March term, 1857; and on the 2d day of January, 1858, the supreme court ordered the remittitur to be filed with the clerk of said court, and judgment to be entered thereon, bearing date March 24th, 1857, reversing the judgment theretofore entered, and directing a new trial, costs to abide the event.

On the 6th day of January, 1858, the supreme court ordered said action to be continued by and in the name of this plaintiff as administrator of, &c., Charles L. White, deceased, against Ann Bullock, administratrix, and Thomas Rae, administrator of, &c., Robert Bullock, deceased, as defendants.

The costs down to the time of the order of continuance, and disbursements, had amounted to $466.17.

The order of continuance, notice of trial, and notice of service of future papers upon Platt, Gerard & Buckley, were served upon the defendants personally, and on Platt, Gerard & Buckley.

On the 19th of January, 1858, it was agreed to submit the costs for adjustment to the clerk of the supreme court, and Platt, Gerard & Buckley appeared on such adjustment, and the costs were adjusted, after which Rae refused to settle the costs, and the notices were served as above mentioned.

Platt, Gerard & Buckley were the attorneys in the original suit, are still living, and no attorney has been substituted for them in the original action, or as continued.

The cause was brought to trial in the February circuit, and a verdict taken for the plaintiff, costs taxed upon due notice to Platt, Gerard & Buckley on the 22d day of February, 1858, and judgment entered.

On the 6th of March, 1858, the defendants, by Nelson Smith, Esq., a new attorney, obtained an order to show cause why the costs should not be stricken out of the judgment, and the supreme court at special term, made such order, May 6th, 1858, and the supreme court at general term, affirmed said order on the 14th of May, 1858; from which order the appellant appeals to this court.

ANDREW THOMPSON, *attorney and counsel in person.*

*First.*—All the proceedings of the appellant down to and entering his judgment, February 22d, 1858, were strictly regular; because—

1st. Platt, Gerard & Buckley are living, and no substitution of another attorney has been made for them. (2 *Rev. Stat.*, 287, § 67.)

2d. All orders down to and including the 2d day of January, 1858, were orders of course, and could have been made *ex parte.* (2 *Rev. Stat.* 386 *and* 387, §§ 1, 2, 3 *and* 4; 10 *Wendell*, 601; 12 *id.* 245; 8 *Bingham*, 29; 7 *Cowen*, 281.)

3d. The action continued, and did not abate. (*Code*, § 121.) And the action continuing, Platt, Gerard & Buckley continued the defendants' attorneys—no one being substituted in their place, and they being alive. There is no mode adopted in practice, or directed by statute, by which a plaintiff can get clear of a defendant's attorneys, as long as the suit continues.

4th. The order of continuance of 6th January, 1858, was regularly made on motion, and might be made *ex parte.* (12 *Wend.* 245.) But if required to be made on notice, it was properly made by serving notice on Platt, Gerard & Buckley. (*Code*, § 417; 6 *Dow. & Ry.* 384; 3 *Atk.* 720.)

5th. The cases cited, showing that the death of the principal revokes the authority of the attorney, are all cases of attorneys in fact, and only one *obiter dictum* can be found in

the books applied to an attorney in a suit, and that was made in 7*th Howard's Practice Reports*, 31, in a case where the suit clearly abated, and the defendants were infants.

*Second.*—If there has been any irregularity, the defendants have waived the same, because—

1st. They have not moved to set aside the judgment or the order continuing the action, and the order appealed from allows the judgment for damages to stand. (4 *Cowen*, 91; 5 *id.* 446; 10 *Johnson*, 486; 10 *Wendell*, 560; 6 *Hill*, 17; 1 *Tidd's Prac.* 562.

*Third.*—The decision appealed from was made pursuant to 15th *Howard's Practice Reports, p.* 79, which decision, as well as the order appealed from, were erroneous, because—

1st. In this case, it is in conflict with the judgment of this court and the judgment or order of the supreme court, made in conformity therewith, that the costs of the action should abide the event of the suit.

2d. The costs belonged to the action, and on filing the *re-mittitur* in the supreme court, were as much a part of the debt against the estate of Bullock, as the damages. (2 *Pick.* 68; 11 *id.* 389.

3d. The uniform practice has been to collect the costs of the previous proceedings in a judgment in the continued action. (5 *Ham.* 45.)

4th. As to all costs after 6th January, 1858, the defendants are bound to pay the same out of their intestate's property, as well as those that occurred prior to that date. (*Code,* § 317.)

5th. Section 41, p. 90, 2d Revised Statutes, does not apply to this case, as erroneously supposed. That section evidently refers to suits commenced against executors or administrators, and every decision heretofore made so applies it, and there was no law which provided for the continuance of a suit before section 121 of the Code.

6th. If the respondents be correct in claiming that this claim should have been presented to them before the action was commenced, they claim an absurdity, and in opposition

to section 121 of the Code, if they claim presentment before the continuance, it was presented and adjusted and refused to be paid.

7th. If 15 *Howard*, 79, is to continue an authority, it should not be extended beyond the reasons of that case. That was an application for an allowance and costs; the allowance was denied for a very sufficient reason; the costs were refused, from an inadvertence in quoting the 41st section aforesaid of the Revised Statutes, which it is hoped the judge making the decision, will correct the first opportunity.

The opinion given at general term is clearly wide of the law and all practice.

NELSON SMITH, *attorney, and*

G. DEAN, *counsel for respondents.*

*First.*—The order appealed from is not appealable. (*Sherman* agt. *Felt*, 3 *How. Pr.* 425.) The insertion of the costs in the judgment entered in this action was irregular, because—

1st. They were inserted without notice to the defendants. Messrs. Platt, Gerard & Buckley were not the defendants' attorneys. Notice to them was a nullity. The only relation that Messrs. Platt, Gerard & Buckley ever had to the case, was as attorneys for Robert Bullock, defendants' intestate. That relation to the action was a mere incident to the relation of attorney and client, which expired by Bullock's death on the 28th of April, 1857.

*An attorney* is one who acts for another, by virtue of an appointment by the latter. (1 *Bouv. L. D.* 140.)

The act of the attorney is the act of the principal, and must be in his name, whether he be an attorney at law, or in fact. In either case, the rule is general, that the death of the principal determines the attorney's authority. (*Watson* agt. *King*, 4 *Camp.* 272; *Story on Agency*, § 448; *Hunt* agt. *Rousmaniere*, 8 *Wheaton*, 174; *Putnam* agt. *Van Buren*, 7 *How. Pr.* 35.)

2d. Costs against administrators are not recoverable, of course, in any case. A rule allowing them must first be ob-

tained. (*Winne* agt. *Van Schaick*, 9 *Wend.* 448; *Potter* agt. *Etz*, 5 *Wend.* 74; *Mulheran's Ex'rs* agt. *Gillespie*, 12 *Wend.* 355.)

3d. The defendants in this action are exempted from costs by statute, the plaintiff not having presented his claim, and there not having been any unreasonable delay or refusal to refer. (2 *R. S.* 90, § 41; 4*th ed.* 275, § 46; *Bullock* agt. *Bogardus*, 1 *Denio*, 276; *Nicholson* agt. *Showerman*, 6 *Wend.* 554.)

The fact that the action was originally commenced against the defendants' intestate, makes no difference. (*McCann* agt. *Bradleys*, 15 *How. Pr. Rep.* 79; *Farren* agt. *Caines*, 5 *Ohio*, 45.)

4th. Although by section 121 of the Code, an action may be continued against an administrator, and that too without presenting the claim, or asking the administrator for payment, or showing that there are any assets from which payment could be enforced, yet the administrator does not, upon such continuance, enjoy the privileges in respect to such action that the deceased did. The deceased might have put an end to the action at any moment, by paying the claim and costs to that time. Not so with the administrator; his course is marked out by statute, (2 *R. S.* 87, §§ 27, 28, 34, 39,) the effect of which is to prohibit, except at the administrator's own risk, any payment of the debts of the deceased, whether in suit or not, however just he may know them to be, until the expiration of the time limited in the notice for claims against the deceased to be presented; until then, he cannot know what claims there are against the deceased entitled to payment from his assets, and cannot safely pay one dollar of the deceased's debts.

The administrator not having it in his power to put an end to such an action, except by payment of the claim, the estate ought to be punished with costs for the want of that payment, which is in effect enjoined by the statute. The allowance of costs in such case would be contrary to the maxim, "that the law shall prejudice no man."

This reasoning applies more particularly to the costs after

the continuance of the action against the administrator. But it applies to all the costs, as costs do not vest from time to time as the action proceeds.

It is only upon the recovery of judgment, that they are allowed in any case. Until then, it is not known which party will be entitled to costs, and the state of the law as to costs, at the date of the judgment controls. (15 *How. Pr. R.* 79.)

5th. The statute exempting executors and administrators from costs is remedial in its nature, and therefore to be liberally construed. (*Sedgwick on Stat. and Con. L.* 359.) While statutes giving costs are regarded as inflicting a kind of penalty, and to be construed strictly. (*Cone* agt. *Bowles*, 1 *Salk. R.* 205.)

The order appealed from should be affirmed.

By the court—PRATT, Judge. The order of the court below striking out the plaintiff's costs in this case, is clearly not appealable to this court.

It is claimed on part of the plaintiff, that it is a final order in a summary application after judgment, and affecting a substantial right. We think that the plaintiff's counsel is mistaken in assuming that this order comes under the provision of the Code. It has been repeatedly held by this court, that the final order referred to in that provision of the Code, is a final order in proceedings based upon the judgment, and assuming its validity—such as an application of a judgment creditor for the surplus money arising upon the sale of mortgaged premises upon foreclosure. (*Sherman* agt. *Phelps*, 2 *Comst.* 186; *Dunlap* agt. *Edwards*, 3 *id.* 341; *Humphrey* agt. *Chamberlain*, 1 *Kern.* 274.) The motion in this case was made in the court below upon allegations of irregularity, which went to the validity of a portion of the judgment itself. It does not appear that the supreme court has decided that the plaintiff is not entitled to costs. That court may have only decided that the proceedings of the plaintiff, in procuring the adjustment of his costs, were irregular. At all events,

an order striking out of the judgment the costs, is not an order in a proceeding after judgment affirming its regularity and validity, and is therefore not appealable within the cases above cited.

Appeal dismissed.