Charles M. Stark, Respondent, *v.* Peter S. Dinehart et al., Appellants.

An order of the General Term of the Supreme Court affirming an order of the Special Term, refusing to set aside a judgment for irregularity, is not appealable to this court.

(Decided March 22d, 1869.)

Appeal by the defendant from an order of the General Term affirming an order of the Special Term refusing to set aside a judgment for the plaintiff for irregularity.

James, J. It is claimed that an appeal from such an order will not lie to this court. The defendant insists that the appeal will lie under the first subdivision of section 11 of the

Code, but that subdivision applies only to appeals from judgments, when "any intermediate order involving the merits, and necessarily affecting the judgment, may be reviewed." Without conceding this to be such an order, it is sufficient that the appeal is not from a judgment, but from an order, to which that subdivision has no application.

It was, at one time, supposed such an order was appealable under the third subdivision of said section, as being "a summary application after judgment;" but this court held that the order referred to in that subdivision meant a final order in proceedings based upon the judgment and assuming its validity. (*Sherman* v. *Felt*, 2 N. Y., 186; *Humphrey* v. *Chamberlain*, 11 N. Y., 274; *Thompson* v. *Bullock*, 16 How. Pr. Rep., 213.) This was not such an order.

This appeal was taken in July, 1863; in 1867 the fourth subdivision of section 11 of the Code was amended by authorizing an appeal to the Court of Appeals from any order upon any question of practice in the action, to be heard as a motion on any regular motion day. It is, perhaps, not necessary to decide whether such an appeal as this might or might not come within the provisions of that amendment and be heard as a motion; it is sufficient for this case that the amendment was not enacted until long after this appeal was brought, and did not relate back so as to legalize it. There was nothing in the act to take it out of the ordinary rule of construction as prospective in its operation.

The appeal should be dismissed, with costs.

All the judges, except WOODRUFF, J., who thought the order appealable, concurring.

Appeal dismissed.

*Daniel Morris*, for appellant.

*Judd & Brown*, for respondent.