THOMAS M. FOOTE, Executor of JULIA FOOTE, deceased, Respondent, *v.* ELIZABETH S. LATHROP, impleaded with SOLON H. LATHROP, and others, Appellant.

An order of the Supreme Court, denying a motion to set aside a regular judgment in that court, on the ground that the defendant was not served with process, and the appearance for him was wholly unauthorized, is not appealable to this court.

No party has a " substantial right," within the meaning of section 11 of the

Code, to have a regular judgment against him, set aside on motion. It is in the discretion of the court, in which such judgment was rendered, to set it aside or not; and, even if void, they may leave the party, affected by it, to show it so in a proper action.

(Cause argued September 28th, 1869, and decided December 21st, 1869.)

APPEAL from the General Term of the Supreme Court, in the eighth judicial district, affirming an order made at the Chautauqua Special Term.

The appellant, Elizabeth S. Lathrop, one of the defendants, was married to the defendant, Solon H. Lathrop, on the 29th day of July, 1847. On the 1st day of July, 1854, he and the appellant gave a mortgage of $5,000 to the plaintiff in this action, upon the house and lot where they resided. This action, for the foreclosure of that mortgage, was commenced in the Supreme Court, on the 16th day of April, 1857, the appellant being named as one of the defendants. On the 20th day of April, 1857, one Thomas C. Welch, Esq., attorney at law, appeared in the action for Thomas Lathrop, Solon H. Lathrop, and Elizabeth S. Lathrop, the appellant. Welch waived the service of papers, and judgment of foreclosure was rendered on the 12th of May, 1857, and the mortgaged premises sold on the 15th day of June, 1857, to one Henry L. Lansing. On the 15th day of March, 1862, all the right and title acquired by Henry L. Lansing by this sale, was transferred to the respondent. Welch died several years ago.

In September, 1868, appellant made a motion at the Special Term, to set aside and vacate the judgment of foreclosure as to her, on the ground that she was never served with any process in the action, and never gave Welch authority to appear for her, and did not know until May, 1868, that he had claimed to appear for her. Welch never transacted any business for appellant, as attorney, agent or otherwise.

It was claimed by respondent, that the husband of appellant authorized Welch to appear for her; that respondent bought the premises in good faith, and that Welch was solvent at the time of his death.

The motion was denied without costs, and this order was affirmed at the General Term in the eighth judicial district. Elizabeth appeals to this court.

*J. E. Ewell*, for appellant, cited Const. N., Art. II, § 6; 6 Howard U. S. R., 183, 186; *Bailey* v. *Buckland* (1 Wels, Hurl. & Gord., 5); *Dupen* v. *Brown* (7 M. & G., 4 6); *Doe* v. *Eyton* (3 B. & Ad., 185); *Robson* v. *Eaton* (1 T. R., 62); *Hacker* v. *Parker* (7 Cranch., 518); *Allen* v. *Stone* (10 Barb., 547).

*Lewis & Gurney*, for respondent, cited 28 How. Pr. R., 470; 32 N. Y., 479; 34 N. Y., 355; 1 Trans. Appls., 160; Code, §§ 139, 134, 135; *Heller* v. *Heller* (1 Code, Rep. N. S., 309); 6 How., 194; 6 John., 296; 37 N. Y., 502; 11 How., 42; 1 Paige, 421; 2 John. Ch., 139; 9 Paige, 496; 9 Abb., 400; 3 Chitty Gen. Pr., 263.

GROVER, J. The third subdivision of section 11 of the Code, authorizes an appeal to this court, from a final order, affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, &c. The order appealed from in the present case, was made upon a summary application to the court in an action, after final judgment therein, and the order is final. So far, it comes within the above provision, authorizing an appeal to and review by this court. It remains to consider whether it affected a substantial right within the meaning of that term as used in the Code. It is manifest that it was not the design of the Code to make every final order made in a special proceeding, or upon a summary application to the court in an action after judgment, appealable to this court. Had such been the intention the act would have so expressed it without any limitation. But the right to appeal from such orders is limited to those only affecting a substantial right. The inquiry then is, what does this import? Clearly, not that it must affect a right of substantial value to the party. If this

was the construction, the limitation of the right of appeal would be extremely vague, and dependent upon the view entertained by the court as to the importance of the right affected. The design of giving the appeal, was to enable this court to correct any legal error that the court below might have committed in making the order; not to substitute the discretion of this in place of that court, when discretion was to be exercised. Hence it has been uniformly held by this court, that where the application was addressed to the discretion of the court, its order was not reviewable here. Hence it follows, that by substantial right, is to be understood such rights only as are to be determined as pure questions of law; such only as can be demanded as the strict legal right of the party. This view, applied to the present case, requires the appellant to show that she had an absolute right to have the judgment set aside as to her, upon motion, for the reason that the summons in the action was not served upon her, although an attorney of the court had regularly appeared for, and the judgment was in all respects apparently regular and valid, upon her showing that such attorney was not authorized by her to appear for her in the action. That she had no such right upon motion to the court, is too clear to require description. That it was an application to the discretion of the court, to be exercised in view of all the facts and circumstances attending the entire case, is manifest. When a judgment has once been regularly entered, no party has a legal right to demand, upon motion to the court, that it be set aside. But it may be said that this is not a valid judgment as to Mrs. Lathrop, she never having been served with process, and never having authorized the attorney to appear for her. Should this, for the sake of the argument, be granted, I do no see how it would aid the appellant upon this appeal. It would still rest in the discretion of the court, whether to entertain a motion to vacate the judgment, or leave her to show the judgment void, as to her, whenever interposed as an obstacle to her pursuit of her right to the land. The order would not, even upon this hypothesis, be review-

able in this court. This disposes of the case. The order is not appealable to this court, and the appeal must be dismissed. I will simply add, that I am not prepared to assent to the proposition, that the judgment is not binding upon the appellant. See opinion of WOODRUFF, J., in *Hamilton* v. *Wright* (37 N. Y., 502), and cases cited. But as the point is not necessarily involved in the present case, I shall not discuss or pass upon it.

All the judges concurring, appeal dismissed.