# COURT OF APPEALS.

JAMES E. BIRDSALL, respondent, agt. MARGARET L. BIRDSALL, appellant.

An application for leave to vacate a judgment and to answer the complaint, is addressed to the discretion of the court below, and whether granted or refused is not the subject of an appeal to this court.

The fact that the court, at special term, granted the relief asked for, and the court at general term reversed the order made at special term, does not bring the order within the class of orders reviewable in this court.

The record upon such an appeal, in both courts, properly consists of the papers upon which the court acted in deciding and making the original order; the case then made is that which is to be reviewed, and the fact of an alleged waiver ·or abandonment of the appeal which depends upon acts *dehors* the record, can ·only be brought to the attention of the court on affidavits, and on a motion to dismiss the appeal or for relief against it. And such an application must be made and finally decided by the supreme court.

So an objection taken by the appellant, that the appeal in the supreme court was not heard *in the proper district*, or by a general term which should have heard it. This is a question affecting the regularity of the proceedings in the court below, and a question of practice.

*Argued October 28th*, 1870, *Decided November 22d*, 1870.

THIS action was commenced on the 29th of November, 1866, against the defendant, for an absolute divorce.

The venue was laid in the city and county of New York.

On the 30th of November, 1866, the plaintiff and defendant entered into an agreement, as follows:

Memorandum of an agreement entered into this 30th day of November, A.D. 1866, between James E. Birdsall, of the village of Watkins, county of Schuyler, and state of New York, of the first part, and Margaret L. Birdsall, of the city of New York, of the second part, witnesseth: whereas the said James E. Birdsall and Margaret L. Birdsall were united in marriage on or about the 2d day of December, 1851, at the city of Albany, and whereas, the

said James and Margaret did hereafter, until about the year 1855, live and cohabit together as man and wife, when they voluntarily separated from each other, and have ever since continued to live separate and apart from each other, and the said parties having, as the issues of said marriage, had one child, Scilia Lenora, now aged about eleven years, and the said Margaret has had the care, custody, education and control of their said child since her birth, and whereas, the said James E. Birdsall has become seized of certain real estate, and now owns the same, in which the said Margaret has at present inchoate right of dower: And whereas the said James E. Birdsall has commenced in the supreme court of the state of New York, an action for the purpose of obtaining a decree of divorce from the bonds of matrimony : Now, therefore, in consideration of the covenants and agreements hereinafter contained, the said James E. Birdsall doth hereby covenant and agree to deposit in the hands of Frederick Davis, jr., the sum of one thousand dollars, to be paid to the said Margaret by the said Davis on the said James obtaining a decree of divorce in the said action. In consideration of the said sum the said Margaret doth hereby agree to release all right of dower in the lands of the said Birdsall she may have, and all claims and demands against him of every kind and character, for any support and maintenance, as well as for all claims for the same in the future, excepting and reserving, nevertheless, and this agreement does not include the future support and maintenance of their said daughter, Scilia Lenora, the support whereof the said James E. Birdsall is not hereby absolved from, but so far as the future support, maintenance and education of said daughter is concerned, the provision for her future support remains still unsettled. The said Margaret is to aid the said James in procuring said divorce, so far as the same lies in her power, and the said James is to prosecute the same to judgment with all reasonable dispatch, and so soon as the decree is granted to the said James by the court, giving him an

absolute divorce, then, and not before, the said Davis is to pay over the said money to the said Margaret. The said Davis is to give the said Margaret a certificate to the effect that the said money is deposited in his hands, together with the further sum of three hundred dollars, to be paid by said Davis on obtaining such decree as aforesaid. The said Davis is also to pay to the said Margaret, in money, on the day of the date hereof, the sum of two hundred dollars. And it is further agreed that this is to be a final settlement of the difficulties of the said parties when this agreement is complied with in all respects; and that on the payment of the said money, the said Margaret agrees to execute to the said James E. Birdsall a release of all her rights of dower in his lands or estate, both vested and such as he may here-after acquire, which is also made a condition of the payment of the said money by the said Davis.

The said Margaret is not to be compelled to pay any costs of the said action for the divorce so commenced, but is to be fully absolved therefrom ; and it is further agreed that the said James E. is also to be absolved from all costs of the action this day commenced against him by the said Margaret for a divorce, and that the said Birdsall is to interpose no obstacle to the said Margaret also obtaining a decree from him, or divorce, but it is understood that the same is to be granted without any other provision whatever.

In testimony whereof the parties have hereunto set their hands and seals, this day and year above written.

JAMES E. BIRDSALL, [L. L.]<br>
MARGARET L. BIRDSALL, [L. S.]

Internal revenue ten cent stamp.

Witness, F. DAVIS, Jr., C. C. MOORE.

In pursuance of this collusive agreement, a judgment of divorce was granted at a special term, held in the city and county of New York, on the 12th of January, 1867.

On the 19th of April, 1869, the defendant made a motion

at a special term of the supreme court, in the county of New York, to set aside that judgment, and to be allowed to interpose an answer.

This motion was made on an affidavit and papers, showing the fraud perpetrated on her, and the manner in which she was forced to sign the agreement.

On the 8th day of July, 1869, an order was granted at a *special term in New York,* vacating the judgment of divorce, and allowing the defendant to answer.

The plaintiff appealed from this order opening the default, and brought on the appeal before the general term of the sixth district.

The appeal from the order granted in the county of New York, was brought on by the plaintiff, and the order opening the judgment reversed, and the motion to vacate the judgment of divorce granted in the first district was denied by the general term of the sixth judicial district.

E. S. CALDWELL, *for Appellant.*
IRA D. WARREN, *of Counsel.*

I. Such a proceeding was unauthorized.   The general term of the sixth district had no power to reverse this order, or to entertain the plaintiff's appeal from the order granted in the first district.

The Code provides (§ 346) :  " appeals in the supreme court shall be heard at a general term, either in the district embracing the county where the judgment or order appealed from was entered, or in a county adjoining that county, *except that where the judgment or order was entered in the city and county of New York, the appeal shall be heard in the* FIRST *district."*

The plaintiff's answer to this appears in the printed papers.   He was allowed on the hearing at the general term in the sixth district, against the defendant's objection, to read an affidavit of the plaintiff's attorney, sworn to on the

14th day of January, 1870, six months after the appeal to the general term was taken, the notice of appeal having been served on the 23d of July, 1869.

That affidavit (which was no part of the papers on the appeal to the general term) states that the special term in New York vacated the judgment and allowed the defendant to answer, and that on the 13th of July, 1869, she served her answer.

On the 19th of July, 1869, the plaintiff served an amended complaint in which Schuyler county was named as the place of trial.

This, he claims, authorized the general term of the sixth district to entertain the appeal.

1st. We say the general term of the sixth district had no right to receive papers on the appeal not before the court below. The appeal is to be heard on certified copies of the papers on file, and such papers alone as were before the court below (*Code*, § 328).

The plaintiff commenced his action in January, 1866, and laid the venue in the county of New York.

The cause was referred in the county of New York.

The testimony taken and a judgment entered in the county of New York, on the 12th of January, 1867.

The judgment was vacated, and the defendant served an answer on the 13th of July, 1869.

On the 19th of July, 1869, the plaintiff served an amended complaint, laying the venue in Schuyler county.

We submit that the service of an amended complaint laying the venue in Schuyler county did not change it from the county of New York.

Section 125 of the Code provides that the *action* be tried in any county, which the plaintiff may designate in his complaint, subject to the power of the court to change the place of trial in the cases provided by statute.

Section 126 provides only two ways of changing the place

of trial : one is by consent of the parties, and the other by order of the court.

There is no provision in the Code for changing the place of trial by simply amending the complaint.

2d. When the *plaintiff* has designated the county in which he wishes the trial to be had, there is no provision of the Code authorizing him to change it.

3d. When the plaintlff served his amended complaint, he waived his right to appeal from the order opening the default. He could not amend his complaint under that order opening the default, and, at the same time, appeal from it.

The amended complaint is the only complaint in the case, and yet the general term have entirely ignored that, and by their reversal of the order opening the default have upheld a judgment based on a complaint not in the case.

The supposed effect of the plaintiff's novel and hitherto unheard of proceeding was to give the general term of the sixth district the right to review the validity of a judgment entered in the first district.

According to the plaintiff's position, there are two complaints in this case, one conferring authority on the general term to hear the appeal, and the other the basis of their judgment.

After a careful examination of the Code, I am not able to find any provision, of even that liberal instrument, applicable to such an ingenious device, and have never seen or heard of a precedent to sustain such practice, even in divorce cases where some very liberal practice has been tolerated.

II. The court erred in allowing the plaintiff to read the affidavit at fol. 168 and pages 43 and 44.

The appeal was taken to the general term on the 23d day of July, 1869, and the affidavit was made January 14, 1870.

It is an absolute right of a party to have his appeal heard on certified copies of papers used in the court below, and

Birdsall agt. Birdsall.

the general term had no right to permit any additional affidavits to be read (*Code*, § 328).

1. If the court had a right to receive this affidavit it did not show that the place of trial was Schuyler county, for the reasons before stated.

Hence, the general term of the sixth district had no right to review this case at general term; their action in hearing it was against the express provisions of the code, and in reversing it against all law and precedent, as the question was entirely in the discretion of the judge at special term, who originally opened the default (*Carpenter* agt. *Carpenter*, 4 *How*, 139).

III. The plaintiff, however, objects to these questions being raised here, because, he says, the record does not show that any such objection was made at the general term.

I am not able to see how it is possible to get such an objection in the record in a case of this kind. We had no right to add anything to the record. It must be heard on certified copies of the papers.

The rule that the objection and exception must appear in the case does not apply to these motions. No objection or exception ever appears on the papers on a motion, or the papers on an appeal from an order.

Our points at the general term show that we took all these objections.

If the general term had ruled out this supplemental affidavit, as they should have done, then, clearly, they had no right to hear the appeal, so that it is not an error that could have been cured in any way.

IV. If the court sees fit to look into the merits of the original motion to ascertain whether the order of the special term in New York was right, they will find that no upright judge could have made any other order.

Suppose when the report of the referee was presented and judgment of divorce asked for, the agreement had been

presented with it, is there a judge on earth who would have granted a divorce.

It shows on its face that the defendant was compelled to do as she did or starve.    She is not to have a cent until an absolute divorce is granted.

Davis receives the money, but agrees not to pay her until the divorce is granted.

These agreements show upon their face the stern neces- sities which drove the defendant to execute them.

The defendant in her answer denies every charge of adul- tery made against her.

She does not appear to have been so bad, but the plain- tiff's attorney entertained her at his own house.

If the court will look at these agreements and then at the disgraceful letter, written by one calling himself a man, to a woman, the mother of his child, they will be satisfied that the judge at special term did right in opening the default.

We do not propose to go over all the facts embodied in the affidavits in these points, the court will find abundant reason for allowing this defendant to answer.

She finds herself disgraced by the testimony of witnesses procured by the plaintiff, and sworn before the referee, every word of which is false.    We suppose, however, this court will not receive the merits on either side.

She only asks to be heard in her defense, and that such an extraordinary proceeding as this shall not be tolerated to her detriment.

V. We ask that the order of the general term of the sixth district be reversed with costs.

B. W. WOODWARD, *for respondent.*

F. KERNAN, *of counsel.*

ALLEN, J.—The application to vacate the judgment, and for leave to the defendant to answer the complaint, was ad- dressed to the discretion of the court below, and, whether

granted or refused, is not the subject of an appeal to this court, *(Code,* § 11 *sub.* 4; *Lawrence* agt. *Ely,* 38 *N. Y.,* 42; *Buffalo Savings Bank* agt. *Newton,* 23 *N. Y.,* 160).

The fact that the court, at special term, granted the relief asked for, and the court at general term reversed the order made at special term, does not bring the order within the class of orders reviewable in this court *(New York Ice Company* agt. *Northwestern Ins. Co.,* 23 *N. Y.,* 357).

The statute regulating the jurisdiction of this court, does not authorize the review of orders of the supreme court, arising upon interlocutory proceedings, or upon any question of practice in an action involving *any questions of discretion* (*Code, supra*).

Applications of this character for relief against judgments, or other judicial proceedings, either as matters of grace and favor, or for irregularity, are peculiarly addressed to the discretion of the court, and the intention of the legislature, as expressed, is to make the disposition of all questions of practice of that kind, by the court of original jurisdiction, final.

It would not be wise, or for the public good, to suffer all questions of practice, especially those calling for the exercise of discretion, that may arise in the process of litigation, *to* be taken by appeal to the court of last resort, delaying and retarding the final determination of the matters really in dispute, increasing the expense of litigation, and obstructing the legitimate business of all the courts.

The matters urged here, as bringing this order within the class of appealable orders, do not appear by the appeal papers.

The claim that the respondent here, the appellant in the court below, had, before the argument of the appeal in that court, waived or abandoned the appeal, by acting under and taking the benefit of the order appealed from, even if it could avail to give jurisdiction to this court, cannot be considered upon this appeal.

The facts upon which the claim is based, do not appear by the record, and could not in any legitimate way, appear there.

The record upon the appeal, in both courts, properly consists of the papers upon which the court acted in granting the original order; the case then made is that which is to be reviewed, and, as the alleged waiver or abandonment of the appeal depends upon acts *dehors* the record, they could only be brought to the attention of the court on affidavits, and on a motion to dismiss the appeal, or for relief against it.

So far as appears by the record, there was no fact before the general term of the supreme court upon which that court was called upon to decide, or could have decided whether the plaintiff was estopped from appealing or had waived his appeal after it was brought.

The affidavit printed with the papers, purporting to have been made on the 14th of January, 1870, long after the appeal was brought, and a few days before the decision, formed no part of the record in the court below, and formed no part of the record sent here; and the counsel for the present appellant is entirely right in his claim, that the affidavit has no place before this court.

But, if it could be considered by us, it would not vary the result.

It would be still, for the supreme court to decide, at least, in the first instance, upon a proper application or presentation of the facts, whether the appear was properly brought and whether the plaintiff was in a situation to prosecute it. A like difficulty is in the way of considering the other objection taken by the appellant, that the appeal in the supreme court was not heard in the proper district, or by a general term which should have heard it.

This is a question affecting the regularity of the proceedings in the court below, and a question of practice, and this objection, or any objection that could have been taken,

must be regarded as waived by the appearance, and argument of the appeal by the defendant in the sixth district.

If there was no appearance, and the hearing and decision of the general term of that district was irregular, as is claimed, the remedy is by motion for relief in that court, and not by appeal, and, if there was an appearance, as is conceded, it was a waiver of the irregularity.

If the objections taken were clearly before this court, it is at least doubtful whether they could avail the defendant.

In the *New York Ice Co.* agt. *N. W. Ins. Co.*, (*supra,*) this court held, that the order of the general term, reversing an order of the special term, was not appealable, although the statute gave no appeal to the general term. And if an order made, upon an appeal not authorized by law, was not reviewable, it seems that an order upon an appeal heard irregularly in a wrong district, and after acts by the appellant, which the court might think, if they were proved, and not excused or explained, would operate as a waiver of the appeal, was not the subject of an appeal to this court, if not appealable for any other reason.

It is the character of the order, and not the history of the proceedings, upon or following it, that determines whether it is or is not appealable.

But, without considering this question further, for the reasons before stated, the appeal should be dismissed, with costs.