(10 App. Div. 566.)

DUTTON v. SMITH et al.

(Supreme Court, Appellate Division, Second Department. December 8, 1896.)

1. JUDGMENT—MOTION TO VACATE—RES JUDICATA.
    The denial of a motion to vacate a judgment on the ground that defendant was not served with process will not bar a subsequent action to set aside the judgment on such grounds.

2. SAME—COLLATERAL ATTACK.
    A judgment may be collaterally attacked by defendant on the ground that he had not been served with process in the action in which it was rendered.

· Appeal from special term, Kings county.

Action by Stephen A. Dutton against Louis M. Smith and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry Daily, Jr., for appellant.

Abraham Gruber and Theodore B. Chancellor, for respondents.

CULLEN, J.   This action is brought to set aside a judgment recovered by the defendant Louis M. Smith against the plaintiff, and entered in the county of Chemung, for a sum of money, upon the ground that the plaintiff in this action was never served with the summons, or appeared in the action.   After the entry of the judgment, the plaintiff moved in that action to vacate the judgment, upon the ground above recited.   On that motion, a reference was had, witnesses produced, and testimony taken before a referee; and the referee reported that the present plaintiff had, in fact, been served with process.   The special term confirmed this report, and denied the motion.   Thereafter the plaintiff brought this action.   At the close of the plaintiff's evidence, the complaint was dismissed, as upon a nonsuit, on the ground that the decision on the motion in the first action was conclusive on the right of the plaintiff to maintain the present action.   The learned trial judge also, in his decision, intimated his doubts whether the plaintiff's only avenue to relief was not a motion in the original action.

Whatever question formerly there may have been in this state as to the conclusiveness of a judgment on the fact of service of process on the parties thereto, the law was finally settled in Ferguson v. Crawford, 70 N. Y. 253, that a party may attack any judgment collaterally upon showing that he was never in fact served with process, and the court acquired no jurisdiction of his person. Plaintiff, therefore, was not confined to a motion in the action against him to obtain relief.

The conclusiveness of the decision of the motion upon the issues in this action is a question involved in uncertainty and doubt. That uncertainty is created by the decision of the court of appeals in Dwight v. St. John, 25 N. Y. 203.   That was an action to have two judgments entered upon confession declared to stand as security for another debt not mentioned in the statement.   The defendant had previously made a motion to have the judgments canceled and discharged of record.   On that motion a reference was had to take proof of the facts, and, upon the coming in of the referee's report, the court denied the motion.   It was held that the decision on the motion was conclusive in the action.   This case has never been in terms overruled, and has been once cited as authority.   Demarest v. Darg, 32 N. Y. 281.   But I think its effect as a precedent must be strictly limited to the facts of the case. The argument upon which the decision proceeded was not only that

the hearing was upon full proofs, but also that the Code made the proceeding liable to review. It was said:

"By section 349 the order referred to was appealable to the general term of the supreme court, and to this court by section 11, division 3; for, if those judgments were given for purposes which had (at the time of the motion) been fully satisfied, it was a matter of 'substantial right' on the part of the defendant to have the executions vacated, and the judgments canceled; and the motion was not addressed to any discretion from which no appeal lay."

The order in this case, which, it is contended, operates as a former adjudication, differs from that involved in Dwight v. St. John, supra.

In Foote v. Lathrop, 41 N. Y. 358, the appeal was from an order denying the motion of the defendant to set aside and vacate a judgment, on the ground that she had never been served with process nor appeared in the action. It was held that the order did not affect her substantial right, and the appeal was dismissed. The court said:

"When a judgment has once been regularly entered, no party has a legal right to demand, upon motion to the court, that it be set aside. But it may be said that this is not a valid judgment as to Mrs. Lathrop, she never having been served with process, and never having authorized the attorney to appear for her. Should this, for the sake of the argument, be granted, I do not see how it would aid the appellant upon this appeal. It would still rest in the discretion of the court whether to entertain a motion to vacate the judgment, or leave her to show the judgment void, as to her, whenever interposed as an obstacle to her pursuit of her right to the land."

Keck v. Werder, 86 N. Y. 264, was an application by the assignee in bankruptcy of the defendant, who had been adjudged a bankrupt, pending the action, to vacate a judgment entered against the defendant, and compel the plaintiff to pay into court certain moneys which had been received under said judgment. The motion was denied at the special term, and the order affirmed at general term. The appeal was dismissed. The court said:

"Assuming that the claims of the assignee in bankruptcy are well founded, that all proceedings in the action subsequent to the adjudication of bankruptcy were void, and that the judgment is void as against the assignee, yet we are of opinion that this appeal cannot be sustained. * * * In Foote v. Lathrop, 41 N. Y. 358, it was held that an appeal to this court would not lie from an order refusing to vacate a judgment, on the ground that the defendant had not been served with process, and an appearance which had been entered for her was unauthorized. * * * The principle of this case has been applied in many others, and it has also been uniformly held that an order denying a motion to set aside a valid judgment for mere irregularity, or for fraud or collusion, is discretionary, and not appealable to this court."

It would thus appear that the granting or denial of the motion made by the plaintiff was discretionary, and not a matter of right. If this be so, the decision of the motion cannot well be conclusive on the question of fact, for non constat but the court regarded the question of fact as so doubtful that it denied the motion as a matter of discretion, leaving the plaintiff to his action, or to resist the judgment whenever sought to be enforced against him. Beards v. Wheeler, 76 N. Y. 213.

In fact, Dwight v. St. John, supra, though not expressly overruled, has been very much cut away by the later cases.

In Blank v. Blank, 107 N. Y. 91, 13 N. E. 615, the defendant moved to vacate a judgment annulling her marriage, and to be let in to defend the action, upon the ground that she had been induced to let it go by default, through fraud. Her motion was denied. Subsequently, she brought a direct action to set aside the judgment. It was held below that the decision on the motion in the first action was conclusive. While the judgment below was upheld on other grounds, it was held that the decision of the motion was not a bar to the action.

In Riggs v. Pursell, 74 N. Y. 370, it was held that the decision on a motion to compel the purchaser at a judicial sale to complete his purchase did not operate as res adjudicata upon a subsequent application, where different facts were shown. It was there said:

"We do not understand the rules applicable to judgments as estoppels to be applicable to their full extent to orders made on motions. Prior to the decision in Dwight v. St. John, 25 N. Y. 203, it was considered that a decision made upon a motion had no force as a former adjudication. In Dwight v. St. John, in view of the provisions of the Code giving the right of appeal from orders, a limited effect was given to them as adjudications, binding in case of a subsequent controversy; and it was there held that in the case of an order affecting a substantial right, and appealable, where a full hearing had been had before a referee on a controverted question of fact, the decision of a point actually litigated before the referee and upon the motion was an adjudication binding upon the parties, and conclusive to that extent. An examination of the case shows that the effect of an order as an adjudication was thus expressly limited. * * * The rule requiring leave to be obtained before renewing a motion is one of practice merely, to avoid confusion and abuses, but does not affect the power of the court to reconsider its decision on a motion, upon additional facts. In this respect such decisions and orders differ essentially from judgments in actions or special proceedings."

If Dwight v. St. John is an authority for the doctrine that a decision on a motion may operate as a former adjudication in subsequent litigation, Riggs v. Pursell is authority for the limitation of such doctrine only when the decision is made on an order affecting a substantial right. The authorities cited above show that the plaintiff's motion was not of such a character. It is further to be observed that the evidence given by the witnesses on behalf of the present plaintiff (there the defendant) on the hearing before the referee on the motion to open the default was rejected and disregarded, both by the referee and by the court, for the failure of such witnesses to sign their testimony, as required by the rules. This disposition of the testimony so given was, doubtless, correct. But it may well be urged that the effect of such action was to deprive the proceeding of the character of a full litigation, which is necessary to make the decision of any motion conclusive, and to reduce it to a mere default. Therefore, the decision of the motion was not conclusive in this action.

Since the foregoing was written, I have found the case of O'Connor v. Felix, 87 Hun, 179, 33 N. Y. Supp. 1074, which was not cited before us. The opinion in that case, concurred in by two of the learned

justices of the general term of the First department, is to the effect that the jurisdiction of the court over the person of a defendant cannot be attacked collaterally; that the only remedy is by motion in the action. We should be inclined to follow that decision on the principle of stare decisis did we not regard it as directly opposed to the decision of the court of appeals in Ferguson v. Crawford, supra. The last case, as shown in the opinion in the O'Connor Case, has, since its decision, been cited with approval in a number of cases in the court of appeals. The cases in that court, referred to by the general term of the First department as in conflict with Ferguson v. Crawford, are, in our opinion, not inconsistent with the decision in that case, nor can they be considered as overruling it. We are also of the opinion that the conclusion of the learned general term is directly opposed to the decision of the supreme court of the United States in York v. Texas, 137 U. S. 15, 11 Sup. Ct. 9. There the validity of a statute of Texas, which made an appearance on a motion to set aside a judgment for failure of the court to acquire jurisdiction of the person of the defendant a general appearance in the action, was upheld. It was based upon the ground that no one had an absolute right to set aside by motion a judgment void as to him for failure to serve process, but that he could resist the judgment when it might be sought to be enforced against him or his property, and for this purpose could maintain his own affirmative action.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur, except BRADLEY, J., who concurs in the result.