(23 App. Div. 188.)

### DUTTON v. SMITH et al.

(Supreme Court, Appellate Division, Second Department. December Term, 1897.)

1. APPEAL—SUFFICIENCY OF EVIDENCE.

     A-finding will not be disturbed, unless the proofs so clearly predominate in favor of a contrary result that it can be said with a reasonable degree of certainty that the trial court erred.

2. PROOF OF SERVICE OF PROCESS.

     Annexed to a judgment roll was an affidavit, wherein affiant stated that he served process on defendant in his office on a certain day. Numerous witnesses testified that defendant was home, sick, on that day, but plaintiff's witnesses contradicted this testimony. Neither defendant nor his physician gave their testimony, nor was there an explanation why they did not do so. *Held* sufficient to show service.

Appeal from special term, Kings county.

Action by Stephen A. Dutton against Lewis M. Smith and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry Daily, Jr., for appellant.

Theodore B. Chancellor (Abraham Gruber, on the brief), for respondents.

GOODRICH, P. J. This action is brought to set aside a judgment entered in an action in the supreme court on November 9, 1893, in favor of the defendant Smith against the plaintiff, on the ground that there was fraud and collusion, and that the summons therein was never served on Dutton, and also to cancel the docket thereof, and supplementary proceedings issued thereon, and to restrain the defendant Smith from collecting the judgment. The answer denied the equities of the complaint, and set up that a motion had been made to set aside the judgment on grounds similar to those alleged in the complaint, and that the same had been denied, and that such denial was a bar to this action. The issues were first tried at special term, and resulted in a decision in favor of the defendant, dismissing the complaint, on the ground that the order referred to was a bar to the action. On appeal to this court the judgment was reversed. 10 App. Div. 566, 42 N. Y.

Supp. 80. In the opinion, Mr. Justice Cullen writing, it was held that the decision upon the motion did not bar the action, as it had not been shown to affect a substantial right,—as, for example, in that proceeding it appeared that testimony taken before a referee, to whom the matter was referred, was rejected merely on the ground that the witnesses giving such evidence had not signed the written minutes of the testimony; that a party may attack a judgment collaterally, as plaintiff seeks to do in the present action, by showing that he was never, in fact, served with process; and that he is not confined to a motion to be made in the original action to vacate the judgment.

Upon the second trial, now under review, a large amount of testimony was taken respecting the service of the summons on Dutton. Annexed to the judgment roll in the original action is an affidavit of one Van Buskirk, dated October 19, 1893, in which he swears that on that day he personally served on Dutton, "at Number 111 Broadway, Room 108, in the city of New York," true copies of the summons and complaint, and that he personally knew the person thus served to be the defendant in that action. The plaintiff produced a large number of witnesses for the purpose of showing that Dutton had an office at No. 111 Broadway in the city of New York, and that he was not at such office on October 19th, but was at home, sick, under the care of a physician, and unable to leave the house; that on the day in question Simeon W. Dutton, a brother of the plaintiff, was at the office, 111 Broadway, and the process, in an envelope, addressed to S. W. Dutton, was handed to him by the process server. The defendants produced witnesses to contradict this testimony, and thus a fair question of fact was presented for the decision of the court. It is somewhat singular that neither the plaintiff himself nor the physician who attended him was produced as a witness, and that no reason was given for the omission; and such omission undoubtedly had great weight with the trial justice, who stated, in his decision:

"I am satisfied that, in the action in which Lewis M. Smith was plaintiff and Stephen A. Dutton and John B. Stanchfield were defendants, mentioned in the complaint in this action, the summons was served upon Stephen A. Dutton, the defendant therein; and I so decide."

It is only necessary to refer to the well-established rule laid down in Aldridge v. Aldridge, 120 N. Y. 614, 617, 24 N. E. 1022, where it was said:

"An appellate tribunal is not warranted in reversing, upon the sole ground that, in its opinion, the trial court should have reached a different conclusion upon conflicting evidence. To justify a reversal, it must appear that the findings were against the weight of evidence, or that the proofs so clearly predominated in favor of a contrary result that it can be said with a reasonable degree of certainty that the trial court erred in its conclusion. Baird v. Mayor, etc., of City of New York, 96 N. Y. 567. It was said in that case by the chief judge, that 'when there is evidence on both sides, and the case is balanced, and the mind of the court has been called upon to weigh conflicting statements and inferences, and decide upon the credibility of opposing witnesses, much weight must be accorded to the especial adaptation of the trial court to investigate and determine such questions. That a proper regard for the advantages possessed by that court in the disposition of questions affecting the credibility of witnesses, and those depending upon the weight and authority of conflicting evidence, requires a great consideration to be accorded to its opinion.' "

This authority is controlling upon our decision, and we may further add that a careful examination of the whole evidence, coupled with the significant fact of the failure to examine the persons named, brings us to the same conclusion as that arrived at by the learned court, that the summons was actually served on Stephen A. Dutton, as claimed by the defendant Smith; and the decision of this fact requires the affirmance of the judgment. There are several exceptions to the admission of testimony on cross-examination of plaintiff's witnesses, but we cannot discover that any injury resulted to the plaintiff therefrom, or that its admission affected the result of the decision. The judgment must be affirmed.

Judgment affirmed, with costs.   All concur.