## WALTON *et al.* v. KENNAMER *et al.*

No. 3248. Opinion Filed March 24, 1914.

(139 Pac. 984.)

**EXECUTION** — Confirmation — Action to Set Aside—Right of Action. One who has filed exceptions to the confirmation of a sale under execution, which have been overruled, cannot thereafter maintain an action to have the order of confirmation set aside on other grounds, without alleging that he had no knowledge or information as to such grounds at the time he filed his exceptions, and without showing that his substantial rights were affected by the order of confirmation.

(Syllabus by Harrison, C.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by Sarah E. Walton and Louis F. Walton against W. L. Kennamer, G. S. Kemble, W. M. McCullough, and John M. Durell to set aside an order confirming sale under execution. Judgment for defendants, and plaintiffs bring error. Dismissed.

See, also, 39 Okla. 629, 136 Pac. 584.

*Baker, Pursel, Gavin & Leith* and *C. A. Mountjoy,* for plaintiffs in error.

*Hulette F. Aby* and *William F. Tucker,* for defendants in error.

Opinion by HARRISON, C. This was an action begun by motion of plaintiffs in error to set aside an order confirming a

sale under execution. In another action judgment had been rendered against Sarah E. Walton, and execution issued on such judgment.

Certain town lots had been levied upon and sold under such execution. W. M. McCullough, as sheriff of Tulsa county, sold the property, and John M. Durell purchased it at the execution sale. The other defendants here were the plaintiffs in the other suit. The sale having been made and duly recorded by the sheriff, a hearing was had upon the confirmation of such sale upon motion of plaintiffs in the other action to confirm same, and upon objections by plaintiffs in error here to the confirmation of same. And, after a full hearing upon the report of the sheriff as to his acts in the premises, and upon the objections of plaintiffs in error here to the confirmation thereof, the sale was confirmed. Subsequent to the confirmation of the sale and entering of final judgment thereon, plaintiffs in error filed a new motion to set aside the order of confirmation, setting up all the grounds set forth in their original objections to the confirmation of the sale, and, as an additional ground for setting aside the order of confirmation, set up that the purchaser at such sale, John M. Durell, was a deputy under Sheriff McCullough, and that therefore, under section 5987, Comp. Laws 1909 (Rev. Laws 1910, sec. 5171), the sheriff's deed to Durell was void. A hearing was had upon such motion, and the motion denied. Whereupon the movants, Waltons, appeal to this court from the order overruling their latter motion to set aside the order of confirmation. Only one proposition is urged and one ground relied upon by plaintiffs in error, to wit: Whether a deputy sheriff is authorized to purchase property sold under execution by the sheriff.

It might be observed in this connection that this is the only question that plaintiffs in error could urge on this appeal, for the reason that all the other grounds were presented and passed upon in the former objections to the confirmation of sale and no appeal taken therefrom. Hence the setting up of the same grounds in the motion after final judgment would be of no avail to plaintiffs. And, from the record before us, it is unnecessary to pass upon the validity of the sheriff's deed to Durell, nor upon the ques-

tion whether, under different circumstances, an appeal under section 6058, Comp. Laws 1909 (Rev. Laws 1910, sec. 5310), would lie from the order complained of. The only question which we may properly consider here is whether or not, under the record in this case, the plaintiffs in error should be heard to complain of the validity of the sheriff's deed. It appears from the record that no reason whatever is given for failure to set up this ground in the first motion and objections to the confirmation of sale. It is not shown that plaintiffs were in any way deceived or defrauded, nor that knowledge that the purchaser was a deputy sheriff had come to them after final judgment. It appears to have been an afterthought picked up and relied upon after the judgment and confirmation was finally rendered. Neither is it shown that plaintiffs have any substantial rights in the premises, nor that their substantial rights are affected either by the validity or invalidity of the deed in question. The record shows the property to have been sold to satisfy a judgment against Sarah E. Walton, by which she was foreclosed of all her rights in or to the premises, and of which she makes no complaint in her motion. We are unable to see, therefore, wherein her substantial rights are affected, whether Durell holds a valid deed or not.

On the first feature it was held, in *Fishback v. Columbia Bldg. Ass'n* (Ky.) 47 S. W. 575, a case involving the identical question, that:

"One who has filed exceptions to a report of sale, which have been overruled, cannot thereafter maintain an action to have the sale set aside on other grounds, without alleging that he had no knowledge or information as to such grounds at the time he filed his exceptions."

And, as to the latter phase, in *Foote v. Lathrop,* 41 N. Y. 358, wherein the identical question of appellate procedure was involved, the court held that the order was final, and that no appeal would lie therefrom, for the reason that the movant had failed to show wherein her substantial rights were affected in the premises, concluding:

"Hence it follows that by substantial right is to be understood such rights only as are to be determined as pure questions of law; such only as can be demanded as the strict legal

right of the party. This view, applied to the present case, requires the appellant to show that she had an absolute right to have the judgment set aside as to her."

The above decisions pass squarely upon the two questions presented here, and, we think, correctly state the law as affecting plaintiff's right of appeal under circumstances like those disclosed by the record in the case at bar.

The appeal should therefore be dismissed.

By the Court: It is so ordered.