ORSON J. FERGUSON, Appellant, v. STEPHEN H. CRAWFORD et al., Respondents.

Although the recital in a judgment-roll, in an action of foreclosure, of service of process upon, and of appearance by, a defendant, is not conclu-

sive, and evidence is admissible on the part of a defendant in an action brought to foreclose a mortgage to show that the court never acquired jurisdiction of his person, every intendment is in favor of the validity of the judgment, if regular on its face; the burden of establishing want of jurisdiction is upon the party so questioning it, and it should be established in the most satisfactory manner to deprive the judgment of its effect.

(Submitted October 13, 1881; decided November 22, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 11, 1879, which affirmed a judgment in favor of defendants, entered on a decision of the court on trial at Special Term. This action was brought to foreclose a mortgage on certain real estate in the county of Westchester.

One of the defenses was that plaintiff's mortgage was cut off, and his rights as mortgagee barred by the judgment in an action brought by one McFarquhar to foreclose a prior mortgage under the judgment in which the lands had been sold to defendant Horton.

The case is reported upon a former appeal in 70 N. Y. 253. Upon the second trial the judgment-roll in the *McFarquhar Case* was put in evidence. The judgment therein was entered on default. The roll contained a notice of appearance on the part of plaintiff here, and consent that judgment might be entered, purporting to have been signed by John W. Mills as attorney. The roll recited due service of process upon all the defendants, and the appearance of the present plaintiff by attorney.

The further material facts are stated in the opinion.

*Wm. F. Purdy* for appellant.

*Wilson Brown, Jr.,* for respondents. The recital in the judgment-roll is *prima facie* evidence that Mills appeared with authority from Orson J. Ferguson. (*Denton* v. *Noyes,* 6 Johns. 296; *Brown* v. *Nichols,* 42 N. Y. 26.) Presumption is that the appearance was authorized. (*Atty.-Gen.* v. *Gerard Mut. L. Ins. Co.,* 76 N. Y. 275.)

RAPALLO, J.    When this case was before us on the former appeal, we held that evidence was admissible to prove that the recital in the judgment in the case of *McFarquhar* against *Ferguson* — that Ferguson appeared in that action by John W. Mills as his attorney — was untrue ; that Mr. Mills did not in fact appear for him, and that the notice of appearance contained in the judgment-roll and purporting to be signed by Mills was a forgery.   (70 N. Y. 253.)

On the second trial, which is now under review, the evidence offered by the plaintiff for the purpose of showing that he did not appear by attorney in the *McFarquhar Case* was admitted, but the court has found the fact to be that Ferguson did duly and regularly appear in that action by John W. Mills as his attorney, and that the notice of such appearance was signed by the authority of said John W. Mills.

The only point which is or can be raised on this appeal is that the above finding of fact is unsupported by any evidence or is against the evidence.

The judgment in the *McFarquhar Case* was regular on its face, and every intendment should be in favor of its validity ; and, although we have held that the defendant therein was at liberty to show, if he could, that the court never acquired jurisdiction of his person, yet the burden of establishing that fact was upon him, and it should be established in the most satisfactory manner to deprive the judgment of its effect.

The evidence showed that the notice of appearance was signed, in 1857, by Elias P. Purdy, who was at the time a clerk in the office of Mr. Mills.   Mr. Purdy, on his examination as a witness, more than twenty years afterward, did not recollect the circumstances under which he signed it, or that Mr. Mills directly authorized him to sign it, though he testified that he must have received such information as satisfied him that he was authorized to sign it.   Mr. Mills was equally devoid of recollection as to the matter, and did not deny that he was employed by Mr. Ferguson to appear for him in the action, nor does he recollect as to whether or not his clerk signed papers for him.   Mr. Ferguson was not examined as a witness on the

second trial, but his testimony on the first trial was read, and he did not therein testify that he had not been served with the summons in the *McFarquhar* suit, or that he had no notice of the suit, or that he had not employed Mr. Mills to appear for him therein.   He says nothing on the subject of that suit.

·The evidence was, we think, insufficient to rebut the presumption in favor of the regularity of the judgment in the *McFarquhar* suit, and no error was committed by the trial court in sustaining its validity.

The judgment should be affirmed, with costs.

All concur, except MILLER, J., not voting.

Judgment affirmed.