PEOPLE *ex rel.* MORGAN *v.* BOARD OF SUPERVISORS OF WESTCHESTER COUNTY, (two cases.)

(*Supreme Court, General Term, Second Department.* July 2, 1891.)

1. COSTS—TAXATION—EXTRA ALLOWANCE.
    In an action to restrain the board of supervisors of a county from levying a tax to meet an illegal appropriation of $25,000, wherein there was much work in procuring affidavits, arguing motions, and preparing for trial, the case was properly held "difficult and extraordinary," (Code Civil Proc. N. Y. § 3253,) and an allowance of $1,000 to plaintiff's attorney was properly made.

2. ATTORNEY AND CLIENT—STIPULATION—COSTS.
    In such action, a stipulation by defendant's attorney that the facts stated in the judgment and the contents of the judgment roll were true, and an agreement by him that an allowance of $1,000 to plaintiff's attorney should be made, were within the authority of the stipulating attorney, and binding on defendant.

Appeal from special term, Westchester county.

Action by the people of the state of New York at the relation of Charles V. Morgan against the board of supervisors of Westchester county, under the statute for the protection of tax-payers, to restrain defendant from levying a tax for $25,000 illegally and fraudulently appropriated at a town meet-

ing in Eastchester to highway purposes. An action had been previously brought against the predecessors of the present board for the same purpose, and an injunction granted; but the present board, conceiving that they were not bound by that injunction, proceeded to levy the tax, whereupon the present action was brought, in which a new and further injunction was obtained and made permanent. In this action the attorney for the board stipulated that the facts alleged were true, and consented that final judgment should be entered therein, with costs and allowance. The court granted an allowance of $1,000 for plaintiff's counsel, and the costs were inserted at $102.09, and judgment therein entered, a certified copy whereof was served on defendants' chairman, and was by him referred to defendants' counsel, who moved to have the judgment modified as to the allowance to plaintiff's attorney, but sought to have the judgment sustained in all other respects. From an order denying this motion defendants appeal.

Argued before BARNARD, P. J., and PRATT, J.

*Wm. Romer*, for appellants.    *Henry W. Bates*, for respondent.

PRATT, J. The bills of costs and allowance complained of were taxed and allowed on consent of the attorneys; and, under all the circumstances, we think the court below was justified. The bill of defendant's attorney has been audited and allowed, and the litigation ended under the stipulations made by the attorneys. The defendants have been guilty of laches in moving to correct the judgment, and, if their attorney exceeded his authority, or committed any wrong by which they were damnified, their remedy is against the attorney. The judgment seems to be satisfactory to defendants, except the items of costs and allowance, and it seems to be a case where the defendants wish to avail themselves of the benefits of a judgment while avoiding the stipulation under which it was entered. If the services of Marshall were worth $500, (and, as said before, his claim has been allowed,) then the services of plaintiff's attorney were well worth $1,000. The defendants assumed to defend the suit, and they were proper parties, and must pay any costs legally awarded. The plaintiff was obliged to institute the suits, and the amount involved was $25,000. Besides, there was considerable work in procuring affidavits, arguing motions, and preparing for trial. We think, under the construction given to the Code upon this subject, the case was difficult and extraordinary. The suit was meritorious, and by it an expenditure of $25,000 was saved. It has been held that an allowance can be made upon a discontinuance before trial, and that in a suit to restrain a tax an allowance is proper. *Coffin* v. *Coke*, 4 Hun, 616; *Robins* v. *Gould*, 1 Abb. N. C. 133; *McDonald* v. *Mallory*, 46 N. Y. Super. Ct. 58; *Comins* v. *Supervisors*, 3 Thomp. & C. 296. The stipulation of defendants' attorney was within his authority, and must be held binding unless impeached for a want of power. *Palen* v. *Starr*, 7 Hun, 422; *Ferguson* v. *Crawford*, 86 N. Y. 609. When we consider that no fraud is alleged, that the judgment was consented to and acquiesced in by defendants, and all the other facts and circumstances, it seems that the judgment and order ought to be affirmed.