Patrick Murphy, Appellant, *v.* Dennis Shea, Respondent.

To make competent proof of the service of a summons the affidavit of the
person who made the service is not necessary; the affidavit of a third
person, who swears unequivocally and positively to the service, is suffi-
cient. The presumption from such an affidavit is that the affiant
swears from personal knowledge, not from hearsay.

In an action to compel specific performance by the vendor of a contract
for the sale of land, it appeared that plaintiff acquired title on sale under
a judgment in a foreclosure suit, one of the defendants in which was an
infant. Plaintiff here claimed that the summons was not served on said
infant, and so his interest was not cut off by the foreclosure judgment.
The judgment roll was put in evidence; it contained a petition, enti-
tled in the action, signed and verified by the father of the infant, which
stated that the summons and a copy of the complaint were served upon
the infant "on the — day of September" in the year stated. The peti-
tion prayed for the appointment of a guardian *ad litem* for the infant.
Such a guardian was appointed; he appeared in the action and put in
the usual answer of such a guardian. *Held,* that the judgment roll
contained sufficient and competent evidence of service of the summons.

Defendant put in evidence certain papers used by him on a motion in the
foreclosure suit that he be relieved from the purchase on the ground that
the infant had not been served with the summons. Among them was
an affidavit of the father to the effect that he was mistaken in his former
affidavit, and that the infant was not served, but was at the time of the
alleged service out of the state. The motion was denied. *Held,* that if
the fact of the service could be traversed in this action the later affi-
davit was not conclusive, but the question was one of fact to be deter-
mined by the trial court, and it having found that the guardian
*ad litem* was duly appointed and that defendant's title was good, this
included, if necessary to sustain the judgment, a finding that the sum-
mons was served.

(Argued June 8, 1894; decided June 19, 1894.)

Appeal from judgment of the General Term of the Court of
Common Pleas for the city and county of New York, entered
upon an order made May 8, 1893, which affirmed a judgment
in favor of defendant entered upon an order dismissing the
complaint on trial at Special Term.

This was an action for the specific performance of a con-
tract for the purchase of land.

The facts, so far as material, are stated in the opinion.

*William A. Dykman* for appellant. The court can acquire jurisdiction over an infant only by a service of summons. Personal service of a summons on a minor under fourteen years of age must be made by delivering a copy to the minor and also to his father. (Code Civ. Pro. § 426.) Without personal service the court is without jurisdiction to appoint a guardian *ad litem,* and the appearance by the guardian is not the appearance by the infant. (*Crouter* v. *Crouter,* 133 N. Y. 55; *Ferguson* v. *Crawford,* 70 id. 253.) The interest of Francis X. Kennedy is not barred by the Statute of Limitations. (Code Civ. Pro. § 375.) There should have been judgment in plaintiff's favor for damages, and the measure of damages should have been the return of $500 paid on account and $150 expended in the examination of the title. (*Sternberger* v. *McGovern,* 56 N. Y. 12.)

*Edward W. S. Johnston* for respondent. This is a collateral attack upon a judgment roll. The judgment roll sets forth facts which are in all respects sufficient to confer jurisdiction upon the court over the infant, Francis X. Kennedy. (*Fuchs* v. *Devlin,* 35 N. Y. S. R. 807; *McMurray* v. *McMurray,* 66 N. Y. 175; *Crouter* v. *Crouter,* 133 id. 55; *Bolton* v. *Schriever,* 135 id. 65; *Roderigas* v. *E. R. S. Inst.,* 63 id. 460; *Monell* v. *Dennison,* 8 Abb. Pr. 401; *Bolton* v. *Brewster,* 37 Barb. 389; *Bumstead* v. *Reed,* 31 id. 661; *In re Hammersley,* 9 Civ. Pro. Rep. 293; *McCarthy* v. *Marsh,* 5 N. Y. 263; *Porter* v. *Purdy,* 29 id. 106; *People* v. *Waldron,* 51 How. Pr. 221; *Kinnier* v. *Kinnier,* 45 N. Y. 535; *Fisher* v. *Bassett,* 9 Leigh, 119; *Andrews* v. *Avery,* 14 Gratt. 229; *Abbott* v. *Coburn,* 28 Vt. 667; *Burdett* v. *Silsbee,* 15 Tex. 615; *Gridley* v. *College of St. Francis Xavier,* 137 N. Y. 327; *Guilford* v. *Love,* 49 Tex. 715; *Johnson* v. *Beazley,* 65 Mo. 264; *Dequindre* v. *Williams,* 31 Ind. 444; *Erwin* v. *Lowry,* 7 How. [U. S.] 180; *Shroyer* v. *Richmond,* 16 Ohio St. 455; *Smith* v. *Hilton,* 50 Hun, 237; *Nelson* v. *Yates,* 37 id. 55; *Home* v. *Rochester,* 63 N. H. 648; *Devlin* v. *Com.,* 101 Penn. St. 276; *Emerson* v. *Ross,* 17 Fla. 122–

127; *Comstock* v. *Crawford*, 13 Wall. 403; *Arnold* v. *Arnold*, 62 Ga. 627; *Quidorts* v. *Pergeaux*, 18 N. J. Eq. 472; *Bolton* v. *Jacks*, 6 Robt. 190; *Ferguson* v. *Crawford*, 70 N. Y. 253; *Guttendorf* v. *Goldsmith*, 83 id. 110; *Vilas* v. *P. & M. R. R. Co.*, 123 id. 440, 441; *Bosworth* v. *Vandewalker*, 53 id. 597; *Hopkins* v. *Frey*, 46 N. Y. S. R. 133.) The only questions that this court can consider are those of law, and the only question, therefore, before the court is whether there was any evidence of any character upon which the learned trial judge based his findings of fact. (*Ferguson* v. *Crawford*, 86 N. Y. 609; *Ogden* v. *Alexander*, 140 id. 356; Code Civ. Pro. §§ 992, 993; *Healy* v. *Clark*, 120 N. Y. 642; *Hollister* v. *Mott*, 132 id. 22; *Fischer* v. *Blank*, 138 id. 251; *Goodsell* v. *W. U. T. Co.*, 130 id. 446; *Rutherford* v. *Schattman*, 119 id. 604; *Crim* v. *Starkweather*, 136 id. 635; *Flack* v. *Village of Green Island*, 122 id. 108; *Day* v. *Town of New Lots*, 107 id. 149; *Prosser* v. *F. N. Bank*, 106 id. 677; *Hubbell* v. *Medbury*, 53 id. 98; *Syester* v. *Brewer*, 27 Md. 288; *Ottenger* v. *Strasburger*, 33 Hun, 466; 102 N. Y. 692; *Wolf* v. *Schmidt*, 19 N. Y. S. R. 780; *Howley* v. *Cramer*, 4 Cow. 717.) The court upon the complaint and the proof was justified in dismissing the complaint and did so as the only proper thing upon the facts disclosed herein. (*Beck* v. *Allison*, 4 Daly, 441; *Jacobs* v. *Morrison*, 136 N. Y. 101; *Hawes* v. *Dobbs*, 137 id. 465; *Miles* v. *D. F. I. Co.*, 125 id. 294; *Conger* v. *N. Y., W. S. & B. R. R. Co.*, 120 id. 29.)

PECKHAM, J.    The plaintiff and defendant entered into an agreement by which the defendant agreed to sell and convey to the plaintiff certain real estate in New York city upon payment of a certain price. The plaintiff in his complaint alleges that he was ready at the appointed time to carry out his part of the agreement by paying the agreed-upon price, but the defendant neglected and refused to fulfill by conveying the fee of the premises, as there was an outstanding interest in the premises, or some portion thereof, which the defendant did not by his tendered deed convey. The plaintiff had paid

five hundred dollars down at the execution of the agreement,. and had expended $150 in making searches, etc. He demanded a specific performance of the contract on payment of the balance of purchase money to the defendant, after making a just deduction from the amount due from him as purchase money, because his money had lain idle on account of defendant's failure to comply with the contract and give a good title. The defendant in his answer alleged full performance of his contract by tendering a good and sufficient deed to convey the fee simple of the entire premises. The defendant's title to the premises came through a foreclosure suit, in which there were infant defendants. It was claimed that one of such defendants had not been served with the summons, and that, hence, his interest (which was one-sixth) in the premises was not cut off by the foreclosure judgment and the sale thereunder to defendant. The plaintiff upon the trial offered the judgment roll in the foreclosure action in evidence. It contained a petition entitled in the foreclosure action, signed and sworn to by the father of the infant, in which the father swore that the summons and a copy of the complaint were served on the infant defendant on the —— day of September in the year stated. He prayed for the appointment of a guardian *ad litem* for the infant defendant. Upon this sworn petition the court appointed a guardian who appeared in the action and put in the usual answer of a guardian for an infant. The action proceeded to judgment of foreclosure and sale, a referee was appointed and the premises were sold and the defendant became the purchaser.

The judgment roll contained sufficient and competent evidence of the actual service of the summons on the infant. The affidavit of the person who actually served the summons is unnecessary so long as there is other competent proof of such service. A third person may have actual knowledge of such service, and when he swears unequivocally and positively there is a presumption that he swears from personal knowledge and not from hearsay. The affidavit in question here was made positively and not on information and belief, and

being made by the father of the infant it is still more probable that it was founded upon personal knowledge. At any rate there was enough stated to call upon the court for a decision upon the fact of service, and the court must have found such fact as the basis for its order for the appointment of a guardian.

The judgment in the foreclosure action does not recite that jurisdiction over the infant was acquired by the voluntary appearance of the guardian *ad litem.* It recites the fact that the infant had appeared by his guardian *ad litem,* but there is no statement that jurisdiction was only obtained in that way.

The guardian had in fact appeared as the judgment roll showed, and he had put in the usual answer.

There is no inconsistency in the recital with the fact that the summons had been served as stated in the affidavit of the father, and the judgment roll is sufficiently full to show jurisdiction in the court over all the defendants in the action.

This was all the evidence offered by plaintiff upon the question as to the service of the summons on the infant defendant. We think it apparent that he wholly failed to show there was no service of the summons, and the contrary appears by the judgment roll itself.

The defendant herein then put in evidence certain papers used by him as the purchaser in the foreclosure action and forming the basis of a motion he made in that action to be relieved from his purchase on the ground that this infant defendant had never been served with the summons. As a foundation for that motion he procured the affidavit of the father in which the father swore that he was mistaken in his statement in his former affidavit when he said that the summons and copy complaint had been served on the infant, and he in this subsequent affidavit denied that the infant had been so served, and he stated the infant was at the time of the alleged service in Kansas.

The court denied the motion and held that as the record showed service it was not a case to set aside the judgment, and the purchaser was compelled to fulfill. The defendant claims that this decision is another adjudication as to the

jurisdiction of the court made in the foreclosure action, and hence is binding on every one and cannot be attacked collaterally.

If we assume, without in any manner deciding, that the defendant is mistaken in that matter, the plaintiff is no better off. There is in the judgment roll sufficient evidence upon which to base a finding by the court therein that the service on the infant had been made and, therefore, the appointment of a guardian was proper.

If the fact of such service could be traversed in this action, the burden under these circumstances rests with the plaintiff to show that there was no service. To support the fact of service the original affidavit of the father attached to and forming part of the judgment roll is at least *prima facie* sufficient. All that the case here shows is that the father subsequently made another affidavit in which he says he was mistaken when he made the first. Treating the affidavit as if the affiant were sworn as a witness in this case, such evidence is by no means conclusive. At most it calls upon the court to now say which is the truth. The father may have been right in his first and wrong in his second affidavit. The court in this action finds as a fact that the guardian was duly appointed in the other action, which includes, if necessary to sustain the judgment, the finding that the summons was served on the infant, there being evidence to sustain such finding.

The papers on which the application to be relieved from his bid was made by defendant as purchaser are no part of the judgment roll in the foreclosure case, although if they were I see no materiality in that fact. The question would still be which affidavit is correct. But they are not, in any sense, a part of the roll and cannot be regarded as such.

The result is that the plaintiff has failed to make good his attack upon the regularity and sufficiency of the judgment in the foreclosure action, and the judgment of the trial court herein in favor of defendant should be affirmed, with costs.

All concur.

Judgment affirmed.