THOMAS H. O'CONNOR, Respondent, v. PETER W. FELIX and Others, Defendants.

MICHAEL H. HAGERTY, Appellant.

*Judgment of a court of general jurisdiction — collateral attack — objection that a defendant was not served — marketable title.*

In determining questions of fact upon contradictory evidence, the testimony of witnesses is to be weighed and not counted.

The judgment of a court of general jurisdiction should be protected from collateral attack, as before the court can render the judgment it must decide upon the evidence before it that jurisdiction of the defendant has been acquired in the manner provided by statute.

Except under some peculiar and extraordinary circumstances, the objection that a party to an action was not served and that an appearance by an attorney in a court of record of the State of New York for such party was unauthorized, and hence that the court directing the entry of the judgment was without jurisdiction, cannot be taken in a collateral proceeding or action, and the party is confined to a motion in the original action in order to obtain relief.

How far a title is rendered unmarketable by the claim, of a party to an action for the foreclosure of a mortgage on the premises in question, that he was not served with process in that action, considered.

APPEAL by Michael H. Hagerty, the purchaser of real property at a foreclosure sale, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of November, 1894, confirming the report of a referee, and directing that the appellant complete his purchase of such real estate.

*James A. Deering,* for appellant Hagerty.

*Richard O'Gorman,* for the respondent.

PARKER, J.:

The appellant, a purchaser at a foreclosure sale, insists that the order requiring him to complete his purchase should not have been granted, because the title tendered is not marketable.

The judgment, under which the sale was had, was rendered in a suit to foreclose a mortgage of $25,000, made by the defendants, Peter W. Felix and wife, to the plaintiff, covering eighteen lots of land in the city of New York. February 10, 1893, judgment of foreclosure and sale was granted and entered on the usual affidavits showing that all of the defendants had either been served or had appeared. At the sale had thereunder Patrick Fox, one of the defendants, bid in two of the lots, and afterwards failed to complete his purchase. A resale was ordered and Fox again bid in the same two lots, and again failed to complete his purchase. An order was made requiring him to complete, which was not complied with; thereafter a third order for the sale of the lots was made, at which sale Michael H. Hagerty, this appellant, became the purchaser. Between the sale and the time fixed by the terms of sale for the completion of his purchase, there was served upon him an affidavit made by the mortgagor Peter W. Felix, entitled as of the suit in foreclosure, in which the affiant stated that he had been informed that an affidavit was on file with the judgment roll in the action, alleging that he had been duly served with a summons and complaint, but that such complaint was never served upon him. For this reason Hagerty refused to complete his purchase, and thereafter a motion was made by the plaintiff to compel him to complete which was opposed by Hagerty, who presented on the motion the affidavits of Felix and Fox, as well as his own affidavit, and the court, in pursuance of the provisions of section 1015 of the Code of Civil Procedure, appointed a referee to hear and determine whether the amended summons and copy of amended complaint in the action were personally served on Peter W. Felix. The referee took the proofs offered and reported that service had been made upon Felix, as stated in the affidavit of service annexed to the judgment roll. This report was confirmed at Special Term, and an order made

. requiring the purchaser to complete the sale. Upon the hearing Felix testified that he had never been served with a summons and complaint.

Having been informed by his brother-in-law, Patrick Fox, that papers were to be served upon him, that he ought to avoid service, and in order to do it would have to keep out of the way, he took the advice and acted accordingly. His testimony with that of Thomas Colwell and Bernard Mulligan was to the effect that by a ruse the process server York was led to serve the summons on another party, supposing him to be Felix. Mr. York, who made the affidavit of service, testified that before making the service he had obtained a description of Felix, and was informed by the janitor of the building in which Felix was working, who Felix was, and when Felix was coming out he served him with the summons, having first addressed him, "This is Peter W. Felix?" and received the reply, "If it is, what do you want of me?" After which the man served took the papers and put them in his pocket. When brought face to face with defendant Felix on the reference, Mr. York swore positively that Felix was the man upon whom he had served the papers.

While in numbers Felix's witnesses predominated, still our examination of the testimony satisfies us that this was a proper case in which to bear in mind the rule that testimony of witnesses is to be weighed, not counted, and we concur in the report that service was in fact made by York upon Felix as stated in the affidavit annexed to the judgment roll. But the purchaser urges, however firmly convinced this court may be that the referee and the Special Term reached a correct conclusion in determining that the summons was served upon the defendant Felix, still the purchaser ought not to be compelled to take title, for the question of service is yet open to an attack by Felix. True, but it can only be attacked by a direct motion in this action, and from the evidence brought out on this motion it is apparent that the same result must follow.

The assertion we have made, that this judgment can only be attacked hereafter by direct motion, is controverted by several authorities in this State; still we regard it as accurately expressing the present state of the law.

In *Ferguson* v. *Crawford* (70 N. Y. 253) it was held that a recital in a judgment roll in an action of foreclosure that the defend-

ant was served with the process and appeared therein was not conclusive, and did not preclude such defendant, in an action brought by him to foreclose a junior mortgage, from showing that he was not in fact served and that he did not appear. The question was elaborately discussed by the court, authorities of many jurisdictions being considered, and in the course of the opinion the court said: "After considerable research, I have been unable to find a single authoritative adjudication in this or any other State, deciding that, in the case of a domestic judgment of a court of general jurisdiction, want of jurisdiction over the person may be shown by extrinsic evidence, while there are a great number of adjudications in neighboring States holding that, in the case of such judgments, parties and privies are estopped in collateral actions to deny the jurisdiction of the court over the person as well as the subject-matter, unless it appear on the face of the record that the court had not acquired jurisdiction; and that, in such cases, there is a conclusive presumption of law that jurisdiction was acquired by service of process or the appearance of the party."

This assertion was not only borne out by the authorities in other jurisdictions, to some of which the learned judge referred, but there was, at that time, no authority in this State holding to the contrary in the case of a domestic judgment rendered by a court of general jurisdiction.

Judge MARCY, however, in *Starbuck* v. *Murray* (5 Wend. 148), which was an action for debt on a judgment rendered in a sister State, commenced by attachment of goods had, held that the defendant could plead, in bar of a recovery, that no process was ever served upon him in the suit in which the judgment was rendered, and that he never appeared therein in person or by attorney, notwithstanding the averments in the record to the contrary. This decision had been followed in a few other cases at the time the opinion in *Ferguson's Case* (*supra*) was written, and to them reference was made as establishing the law in this State to be that, in regard to judgments of sister States, the question of jurisdiction may be inquired into, and the want of jurisdiction over the person shown by evidence.

Starting with that proposition, it was argued, in *Ferguson's* case, that there was no basis upon which to rest a distinction between

domestic judgments and judgments of sister States, in view of the provisions of the Constitution of the United States requiring full faith and credit to be given in each State to the public acts, records and judicial proceedings of every other State. And, as the court could find no room for distinction between the two classes of judgments, it held that, so far as this State is concerned, the rule of *Starbuck's Case* (*supra*) must be held to apply to domestic judgments as well. The mistaken positions which sometimes result from so close an observance of the rule of *stare decisis* as overlooks the error involved in the decisions invoked, rarely has a better illustration.

Mr. Justice MARCY, in his opinion, said: " So long as the question of jurisdiction is in issue, the judgment of a court of another State is, in its effect, like a foreign judgment; it is *prima facie* evidence; but, for all the purposes of sustaining that issue, it is examinable into, to the same extent as a judgment rendered by a foreign court." Thus overlooking the constitutional provisions invoked in *Ferguson's* case. In other words, the court said: The question of jurisdiction may be inquired into; as to a foreign judgment, the judgment of a court of another State is in its effect like that of a foreign judgment; therefore, the question of jurisdiction as to the judgment of another State may be inquired into.

In *Ferguson's* case the court decided that, it having been determined that judgments of sister States may be inquired into as to the question of jurisdiction, and it being settled that under the provisions of the Constitution of the United States that, when the judgment of a court of a sister State is duly proved in a court of this State, it is entitled here to all the effect to which it is entitled in the courts of the State where rendered, therefore, the jurisdiction of a court of general jurisdiction in this State to render a given judgment may be attacked collaterally.

The proposition in *Starbuck's* case, that it is a fundamental rule that no court can acquire jurisdiction by the mere assertion of it or by deciding that it has it, is discussed in Vanfleet's Collateral Attack (p. 472) in these words: " It sounds plausible, * * * but * * * the fallacy lies in confusing *law* with *right*. A judgment rendered after the utmost care, at the end of an impartial trial, may not be *right*, and it may unjustly sweep away the life, liberty or property of the

defendant; yet it is *lawful*, and a just and rightful foundation for the titles of others; and, although wrong in itself, it is *lawful and right collaterally*. The question of service or appearance must be decided by the court in each case as a question of fact, and it is the *allegation* of the plaintiff that he has caused service to be made, or the defendant to appear, which gives the jurisdiction to hear his evidence on that point."

*Ferguson's* case came again before the Court of Appeals in 86 N. Y. 609, where it was held that the evidence adduced on the new trial, for the purpose of showing that the defendant was not served, was insufficient to rebut the presumption in favor of the regularity of the judgment. It was also cited with approval in *People ex rel. Frey* v. *Warden of County Jail of New York County* (100 N. Y. 20), which was an appeal from an order of the General Term affirming an order of the Special Term dismissing a writ of habeas corpus and remanding relator to custody. It is again cited, with other cases, in *Craig* v. *Town of Andes* (93 N. Y. 405) as authority for the proposition that it is "now well established that the record, whether of a superior or an inferior court, is never conclusive as to the existence of a jurisdictional fact, and that a defendant may show a want of jurisdiction although the record avers the contrary."

*Bolton* v. *Schriever et al.* (135 N. Y. 65) was an action of ejectment to recover possession of a lot of land on Tenth avenue, of which Theodore B. Talmadge died seized. Talmadge's will was admitted to probate by the surrogate of the county of New York. Plaintiff's position was that Talmadge was not an inhabitant of New York county at the time of his death, and, therefore, the surrogate had no jurisdiction to take proof of the will, and as there was no other proof of the execution of the will the defendants made out no title to the land, and the plaintiffs were entitled to recover it as heirs at law of Talmadge.

It was held, as the surrogate has power and is bound to inquire and decide whether the testator was an inhabitant of the county at the time of his death, his decision that he was, upon legal evidence tending to support it, could not in the absence of fraud or collusion be questioned.

For the same reason it would seem that a judgment of a court of general jurisdiction should be protected from collateral attack, for

before the court can render the judgment it must decide upon evidence before it that jurisdiction of the defendant has been acquired in the manner provided by statute.

In the recent case of *Murphy* v. *Shea* (143 N. Y. 78), an action brought to compel a purchaser to take title, which he had declined to accept on the ground that it was not marketable, it appeared that the seller had obtained his title under a judgment of foreclosure. One of the defendants was an infant, for whom a guardian *ad litem* had been appointed upon a verified petition presented by the father of the infant, in which it was stated that the summons and a copy of the complaint were served on the infant at a time stated. After the sale the purchaser procured an affidavit of the father, in which he stated that he was mistaken when he said that the summons and complaint had been served on the infant in the petition requesting his appointment as guardian *ad litem*, and denied that the infant had been served. On the affidavit he made a motion to be relieved from his purchase, and the motion was denied and he compelled to take title. On the argument in the Court of Appeals it was insisted that this decision constituted another adjudication as to the jurisdiction of the court in foreclosure actions, and, therefore, was not the subject of collateral attack. This proposition the court did not pass upon. Instead, it said, " if we assume without in any manner deciding that the defendant is mistaken in that matter, the plaintiff is no better off," and then proceeding with the assertion that the burden rested upon the plaintiff to show that there was no service, it demonstrated that the burden thus resting upon him had not been met.

The decision in *Washbon* v. *Cope* (144 N. Y. 287), in which the opinion of the court was delivered by the learned judge who wrote the opinion in *Murphy* v. *Shea* (*supra*), persuades us that had it been necessary for the court to pass upon the question, whether the judgment, which was the subject of consideration in that case, could have been attacked collaterally on the ground that the court had not acquired jurisdiction by the service of the summons and complaint upon the infant defendant, it would have been answered in the negative. In *Washbon's* case it was contended by Mrs. Cope, a defendant, that no effect could be given to a certain decree of the Surrogate's Court, because she was not served with a citation in the

FIRST DEPARTMENT, MAY TERM, 1895. [Vol. 87.

proceeding, and the alleged appearance of the attorney therein for her was wholly unauthorized, by reason of which the surrogate failed to acquire jurisdiction.

This position the court held to be untenable. It said : " It has been settled by an unbroken line of decisions in this State, running many years back, that, unless under some peculiar and extraordinary circumstances, not existing in this case, the objection that a party was not served, and an appearance by an attorney in a court of record for such party was unauthorized ; and, hence, that the judgment was without jurisdiction, cannot be taken in a collateral proceeding or action, and that the party is confined to a motion in the original action in order to obtain relief." As authority for this position it cited, among other cases, *Vilas* v. *R. R. Co.* (123 N. Y. 440).

In *Vilas'* case, it is true, it was not necessary to pass upon the question whether a domestic judgment of a court of general jurisdiction can be attacked collaterally for want of jurisdiction owing to the failure of service of process or the non-appearance of attorney. For the question was raised by a motion to open the judgment and to set aside and vacate an appearance in the action by an attorney. The authorities, however, bearing upon this general question are quite fully considered, the court holding that it has become the settled practice in this State that relief against a judgment rendered against a party upon an unauthorized appearance of an attorney in his name, is to be sought in a direct application to the court by motion in the action in which the unauthorized appearance was entered, and that equity will not take jurisdiction to set aside a judgment unless the court can see that the circumstances are such that the right to or measure of relief cannot properly be determined on motion. While these later decisions do not in terms overthrow the rule of *Ferguson's* case they accomplish practically that result by restricting its operation to a limited class of cases in which relief cannot be had on a motion.

They clearly deny the right of the defendant Felix to attack this judgment, which was rendered upon evidence of service of the summons upon him, other than by direct motion, for he had full knowledge of the fact that the judgment roll contained an affidavit showing that service had been made upon him prior to the sale under which the appellant became the purchaser and had full opportunity

to obtain relief, if he was entitled to any, by a motion to open the judgment.

Our conclusion, therefore, is that the title is marketable.

The order should be affirmed, with ten dollars costs and printing disbursements.

O'BRIEN, J., concurred.

VAN BRUNT, P. J.:

I concur upon the ground that there is no reasonable ground to suppose that Felix could succeed in setting aside this judgment by a direct proceeding.

Order affirmed, with ten dollars costs and disbursements.