JACOB M. FINKELSTEIN, Trading as JACOB M. FINKELSTEIN, Plaintiff, *v.* WILLIAM H. BLOCK, Defendant.

City Court of the City of New York, February 28, 1925.

Judgments — validity — action against foreign corporation — motion to set aside summons and vacate judgment by default in action in Municipal Court of City of New York on ground of lack of jurisdiction determined adversely to defendant and no appeal taken — validity of judgment cannot be raised on motion in supplementary proceedings, under Civil Practice Act, § 793, to compel third person to deliver property of judgment debtor to sheriff.

The validity of a judgment of the Municipal Court of the City of New York adjudicating that title to merchandise, sold the defendant, judgment debtor, is in the defendant as vendee, cannot be raised upon a motion under section 793 of the Civil Practice Act for an order in supplementary proceedings directing a third person to deliver to the sheriff of the county of New York the said property in his possession, where it appears that the defendant made two

successive motions in said court to set aside the service of the summons and to vacate the judgments taken by default, on the ground of lack of jurisdiction of the defendant, a foreign corporation, and that said motions were determined adversely to the defendant who did not appeal from the decisions therein, since the question of the validity of the service was litigated and determined in the Municipal Court of the City of New York and subsequently settled by a judgment which became final and conclusive, unless set aside by a direct attack or reversed on appeal.

MOTION under section 793 of the Civil Practice Act for an order directing the American Railway Express Company to deliver to the sheriff of the county of New York certain property in its possession belonging to the William H. Block Company, the judgment debtor, subject to the further order of the court.

*Samuel Blumberg,* for the plaintiff.

*Charles Franklin,* appearing specially for the defendant.

SHIENTAG, J.:

The goods in question were shipped by the judgment creditor to the judgment debtor, a foreign corporation, at the latter's place of business in Indianapolis, Ind., where it conducts a department store. The goods were purchased in New York city by a representative of the judgment debtor. The latter rejected the goods and shipped them back to the vendor by the American Railway Express Company. The vendor refused to accept the goods and brought suit for the purchase price thereof against the judgment debtor in the Municipal Court, borough of Manhattan, city of New York. Judgment by default was rendered in that court against the judgment debtor on September 30, 1924, for $658.62. The American Railway Express Company now has the goods. It claims no title thereto, nor is there any such claim made by a third party. The only claim the American Railway Express Company asserted on the third party examination in supplementary proceedings in this court on December 8, 1924, was a lien for shipping that amounted to $6.92 (a subsequent charge for storage may since have accrued). If the judgment in the Municipal Court is a valid judgment, it has adjudicated that title to the goods is in the vendee, the judgment debtor in this case. (Pers. Prop. Law, § 144, subd. 1.) If so, the judgment creditor is entitled to the relief that he asks for on this motion. The summons in the Municipal Court action was served, it is claimed, upon one of the officers of the defendant corporation who happened to be in New York city temporarily on personal business of his own and not on any business connected with the corporation. The judgment of the Municipal Court is attacked by the judgment debtor in these proceedings as invalid, on the ground that the Municipal Court

was without jurisdiction to render it, the defendant in the action being a foreign corporation having no office, place of business, employees or property in this State, not being authorized to do business here, not having designated any agent to accept service of process on its behalf and not doing business regularly in this State. The judgment debtor claims that under those circumstances, and notwithstanding the fact that the cause of action arose in this State, the service of process in the Municipal Court action is void as repugnant to the due process clause of the Fourteenth Amendment to the Federal Constitution, and cites in support of that proposition the cases of *Dollar Co.* v. *Canadian Car & Foundry Company* (220 N. Y. 270); *Tauza* v. *Susquehanna Coal Company* (Id. 259); *Rosenberg Bros. & Co.* v. *Curtis Brown Company* (260 U. S. 516); *Philadelphia & Reading R. Co.* v. *McKibbin* (243 id. 264). After the default in the Municipal Court action had been taken, the judgment debtor made two successive motions in that court to set aside the service of the summons and to vacate the judgments on the grounds above set forth. Affidavits were submitted on both sides. The affidavit on behalf of the plaintiff in that action set forth that the defendant corporation did maintain a permanent office in this State. At any rate, there was conflict in the affidavits as to whether or not the foreign corporation was in fact doing business in this State to such an extent that it could be inferred that it was present in this jurisdiction when service of process was effected here. Both motions were decided in favor of the plaintiff, and the defendant took no appeal from the decisions. The judgment debtor, however, insists that it still has a right to attack the validity of the judgment in any proceeding that may be brought to enforce it. If the defendant had permitted the judgment to be taken against it by default in the Municipal Court without taking any action with respect thereto in that court it is clear that it would have the right to question the validity of the judgment in any proceeding that was brought to enforce it, on the ground that the court rendering it had no jurisdiction. The leading case on the subject in this State is *Ferguson* v. *Crawford* (70 N. Y. 253), where RAPALLO, J., in a comprehensive analysis of the authorities lays down the rule, which has since been followed, that want of jurisdiction may always be set up against a judgment when sought to be enforced or when any benefit is claimed under it, and a bare recital of jurisdictional facts in the record of the judgment in any court is not conclusive, but only *prima facie* evidence, and may be disproved by extrinsic facts. One of the many cases cited by Judge RAPALLO was *Lathan* v. *Edgerton* (9 Cow. 227), where it was said, " the plaintiff below might have applied to the court to set aside their proceedings;

but he was not bound to do so. He had a right to lie by until the decision or judgment of the court was set up against him and then to show that the proceedings were void for want of jurisdiction " (p. 229). It is significant to note in passing that when the *Ferguson* case again came before the Court of Appeals (86 N. Y. 609), the validity of the judgment in question was upheld, the court saying (p. 612): " The evidence was, we think, insufficient to rebut the presumption in favor of the regularity of the judgment. (p. 611.) The judgment  *  *  *  was regular on its face, and every intendment should be in favor of its validity; and, although we have held that the defendant therein was at liberty to show, if he could, that the court never acquired jurisdiction of his person, yet the burden of establishing that fact was upon him, and it should be established in the most satisfactory manner to deprive the judgment of its effect." (See, also, *O'Donoghue* v. *Boies*, 159 N. Y. 87; *Matter of Doey* v. *Howland Co.*, 224 id. 30, 39.) In the instant case, however, the judgment debtor did not lie by and allow the default to be taken against him in the Municipal Court without action on his part there. He moved in the Municipal Court on two occasions to set aside the service of the summons on the ground that the court was without jurisdiction of the foreign corporation. That question was litigated in the Municipal Court, conflicting affidavits on the subject were submitted and the court decided against the judgment debtor who failed to appeal from those decisions. In *Ferguson* v. *Crawford* and in *O'Donoghue* v. *Boies* (*supra*) it is pointed out that there is but one exception to the rule that want of jurisdiction to render a particular judgment may be set up in any proceeding brought to enforce it, or when offered in behalf of the party claiming under it. " When jurisdiction depends on a fact that is litigated in a suit and is adjudged in favor of the party who avers jurisdiction, then the question of jurisdiction is judicially decided and the judgment record is conclusive evidence of jurisdiction until set aside or reversed by a direct proceeding." (*Ferguson* v. *Crawford, supra*, 265; *O'Donoghue* v. *Boies, supra*, 99.) So in the case of *Matter of Doey* v. *Howland Co.* (224 N. Y. 30, 38) the court said: " The general rule is that lack of jurisdiction to render a judgment or determination may be asserted at any time, and the only exception of which I am aware is where jurisdiction depends upon a question of fact. If that be litigated and determined, then the question is settled by the judgment, which becomes final and conclusive unless set aside by a direct attack or reversed on appeal therefrom." *Matter of McGarren* (112 App. Div. 503, 510) is to be distinguished from the instant case. There the defendant allowed judgment to be taken against him by default without any further

614 Employers L. Assur. Co. *v.* Success Uncle Sam Cone Co.

City Court of New York, March, 1925. [Vol. 124

action on his part. The record showed that witnesses were called for the plaintiff and examined upon the question of the service of the summons. Mr. Justice Clarke, after referring to the exception where jurisdiction depends on a fact that is litigated in a suit, said: " It was a trial on default. There was no appearance, no answer, no witnesses for the defense and no cross-examination. I do not think the fact was ' litigated ' within the meaning of the rule." In this case the judgment debtor did not allow the default in the Municipal Court to go by unnoticed. It went into the Municipal Court and raised the question of jurisdiction and of the validity of the service, which to some extent depended upon a question of fact. It appeared specially in that court on two occasions and moved to set aside the service of the summons and to vacate the judgment. Affidavits were submitted on both sides and the judgment debtor had an opportunity of requesting a hearing on the validity of the service. It must be held, therefore, that there was a litigation in the Municipal Court on that subject within the meaning of the exception referred to in the cases above cited. If it were held that the judgment debtor was not bound by the determination of the Municipal Court on this question, after he litigated it there, he would likewise not be bound by a decision of the Court of Appeals on an appeal taken directly from the Municipal Court's determination, but could raise the question in any other proceeding in which the judgment was sought to be enforced. Such a ruling would lead to a multiplicity of litigation and would be contrary to sound public policy. Motion of the judgment creditor is granted upon condition that payment shall be made to the American Railway Express Compan, of the amount of its lien. Settle order on notice.