TIMOTHY J. KEATING *v.* EQUITABLE SURETY COMPANY OF NEW YORK.

City Court of New York, New York County, May 14, 1929.

*Arthur N. Seiff*, for the plaintiff.

*Fred Flatow*, for the defendant.

NOONAN, J. The action is brought to recover the amount of a judgment obtained by the plaintiff against the Guardian Taxi Corporation. The defendant had issued an indemnity bond, as provided by section 282-b of the Highway Law (added by Laws of 1922, chap. 612, as amd.), in which the defendant was surety and the Guardian Taxi Corporation was principal. The bond provided, in accordance with the statute, that if a judgment for personal injuries was recovered by any person against the Guardian Taxi Corporation, both principal and surety were to be held liable for the payment of the judgment. The plaintiff brought an action in the Municipal Court against the Guardian Taxi Corporation to recover on a claim for personal injuries caused by the negligence of the employee of the Guardian Taxi Corporation in the operation of a taxicab in which the plaintiff was a passenger. The Guardian Taxi Corporation filed a traverse to the service of the summons in that action, contending that the person served with the summons was no longer a director of the corporation. The Municipal Court justice who heard the traverse dismissed it and adjudicated that the summons was duly served. In the order dismissing the traverse the defendant Guardian Taxi Corporation was permitted to interpose an answer within five days after the entry of the order. The Guardian Taxi Corporation neglected to file its answer and a default judgment was entered against it after an inquest was taken. About thirteen months later the Guardian Taxi Corporation moved for a reargument of the traverse, and the same Municipal Court justice who heard the traverse originally denied the motion. The Guardian Taxi Corporation then made an application to open its default and for leave to file an answer in the action. This application was heard by another Municipal Court justice, who granted the motion upon the imposition of terms and permitted the Guardian Taxi Corporation to file and serve the proposed answer as its answer in the case. An appeal from this order was taken by the

plaintiff to the Appellate Term. The Appellate Term reversed the order of the lower court and denied the motion to open the default. The effect of this order was to restore the former judgment. The sole question on this motion for summary judgment is the right of the defendant to again contest the question of jurisdiction of the court over the person of the Guardian Taxi Corporation. The defendant contends that the Guardian Taxi Corporation was never properly served with the summons in the Municipal Court action and that it has the right to be heard on that question in this action. In my opinion the defendant cannot collaterally attack the judgment against the Guardian Taxi Corporation in this action. The question of the court's jurisdiction over the Guardian Taxi Corporation was passed upon three times, twice in the Municipal Court (on the original hearing and on the reargument) and again in the Appellate Term on the appeal from the order opening the defendant's default. In each instance the court necessarily decided that the summons was duly served on the Guardian Taxi Corporation. No appeals were taken from the orders of the Municipal Court adjudicating that there was a proper service. Once the question of jurisdiction over the person is adjudicated upon the facts by a court empowered to determine it, it cannot again be raised and the judgment of the court is conclusive on the question unless it is set aside by a direct attack or reversed on appeal. (*Ferguson* v. *Crawford,* 70 N. Y. 253, 265; *O'Donoghue* v. *Boies,* 159 id. 87, 99; *Matter of Doey* v. *Howland Co.,* 224 id. 30, 38; *Finkelstein* v. *Block,* 124 Misc. 610, 614.) In *O'Donoghue* v. *Boies* (*supra*) the court said: " The want of jurisdiction to render the particular judgment may always be asserted and raised directly or collaterally, either from an inspection of the record itself when offered in behalf of the party claiming under it, or upon extraneous proof, which is always admissible for that purpose. There is but one solitary exception to this rule, and that is in a case where jurisdiction depends on a fact that is litigated in a suit and is adjudged in favor of the party who avers jurisdiction. Then the question of jurisdiction is judicially decided, and the judgment record is conclusive on that question until set aside or reversed by a direct proceeding." The facts also show that the Guardian Taxi Corporation appeared generally in the action against it and thereby submitted to the jurisdiction of the court. In the application to open its default it asked leave to submit a proposed answer annexed to the moving papers. This motion was granted by the lower court, but was subsequently reversed on appeal. I think this application was equivalent to a general appearance and that the Guardian Taxi Corporation thereby waived the question of jurisdiction. (*Crystal & Son* v. *Ohmer,* 79 Misc. 227.)

It also appears that the defendant failed to deny in its answer in this case an allegation of the plaintiff's complaint that a judgment was duly obtained by the plaintiff against the Guardian Taxi Corporation in the Municipal Court. The defendant had notice of the action brought by the plaintiff against the defendant in the Municipal Court because the moving papers show without contradiction that the attorneys who appeared for the Guardian Taxi Corporation were acting on behalf of the interests of this defendant. The case of *Dutton* v. *Smith* (10 App. Div. 566), relied upon by the defendant, is not in point. In that case the court held that a decision of the lower court denying a motion to vacate a judgment on the ground that the defendant was not served with the summons was not conclusive and that the defendant might subsequently bring an independent action to vacate the judgment for the same reason. It is apparent, however, from a reading of the opinion in that case that the reason why the court held the direct proceeding to vacate the judgment was not barred by the previous decision on the motion was that the court hearing the motion may have decided it as a matter of discretion and not on the merits. In that case it was the defendant in the case who contested the question of jurisdiction in the subsequent action. In this case the surety on the bond, the defendant in this action, seeks to relitigate the question of jurisdiction. In other words, it is a third party, who is not privy to the judgment, that is now attacking it. The Municipal Court had full power to decide the question of jurisdiction, and having so decided it the defendant, for the reasons stated above, cannot again raise it. The motion for summary judgment is granted. Order signed.